**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| AYMAN SOLIMAN, | |
|        Petitioner, | |
|        v. | **HEARING REQUESTED** |
| JOSEPH B. EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration Services, U.S. Citizenship and Immigration Services; DARICE I. ALVERTOS, in her official capacity as Director, Chicago Asylum Office, U.S. Citizenship and Immigration Services; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security, U.S. Department of Homeland Security; | Case No.: |
|        Defendants. | |

---

**MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

---

## INTRODUCTION

1.    Plaintiff Ayman Soliman, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(b) for a Temporary Restraining Order (TRO) and, following notice and hearing, a Preliminary Injunction, staying the removal proceedings pending against him in the Cleveland Immigration Court (File No. A207-336-160) while this action challenging the unlawful termination of his asylum status under the Administrative Procedure Act (APA) is resolved.

In support thereof, Plaintiff states as follows:

1

## I. BACKGROUND

2.      Plaintiff concurrently files a Complaint for Declaratory and Injunctive Relief under the APA, seeking to vacate U.S. Citizenship and Immigration Services' (USCIS) arbitrary and unlawful termination of his asylum status on June 3, 2025. That termination, based on factual errors, misinterpreted evidence, and violations of law, led to the issuance of a Notice to Appear (NTA) on June 5, 2025, placing Plaintiff in removal proceedings before the Executive Office for Immigration Review (EOIR).

3.      Plaintiff's Consolidated Master Calendar and Custody Redetermination (Bond) Hearing was held on July 22, 2025, before Immigration Judge Jennifer Riedthaler-Williams in Cleveland, Ohio. Therein, Defendant DHS sought to avoid Immigration Court jurisdiction regarding custody and bond determinations. That jurisdictional question remains pending. Without immediate intervention, these proceedings will advance, continuing to subject Plaintiff to ongoing irreparable harm, including loss of employment authorization and risk of erroneous removal to Egypt, where he faces persecution and torture.

4.      Plaintiff satisfies the requirements for a TRO and preliminary injunction: a strong likelihood of success on the merits of his APA claims; irreparable harm absent relief; a balance of equities tipping in his favor; and alignment with the public interest. This motion is supported by the attached Complaint, the Declaration of Ayman Soliman, letters from experts Steven Brooke and Marie Vannetzel refuting USCIS's evidence, and relevant exhibits from the administrative record.

5.      Pursuant to Fed. R. Civ. P. 65(b)(1)(B), counsel certifies that, due to the urgency, no prior notice has been provided to Defendants. However, Plaintiff will serve this motion and the

2

Complaint on Defendants via the U.S. Attorney's Office immediately upon filing and requests an expedited hearing for preliminary injunction.

## II. LEGAL STANDARD

6.      A TRO or preliminary injunction requires Plaintiff to demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that relief serves the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In immigration cases, courts routinely grant stays to prevent harm from flawed agency actions. *See, e.g., Nken v. Holder*, 556 U.S. 418, 428-29 (2009) (stays preserve status quo pending judicial review).

## III. ARGUMENT

### A. Plaintiff Has a Substantial Likelihood of Success on the Merits.

7.      Plaintiff's APA claims are meritorious. USCIS's termination is arbitrary and capricious under 5 U.S.C. § 706(2)(A), relying on unsubstantiated GS-MB links. It lacks preponderance evidence for Tier III status or material support under INA § 212(a)(3)(B). *See* Attached Complaint ¶¶ 15-17; Brooke Letter (July 14, 2025); Vannetzel Letter (July 20, 2025).

8.      The decision is contrary to law under § 706(2)(C), misapplying the terrorism bar without findings on terrorist activity or authorization. *Uddin v. AG*, 870 F.3d 282, 290 (3d Cir. 2017); *Khan v. Holder*, 766 F.3d 689, 699 (7th Cir. 2014). It violates res judicata by relitigating 2018 eligibility absent new evidence. *Arangure v. Whitaker*, 911 F.3d 333, 344-45 (6th Cir. 2018). *See* Complaint ¶¶ 28-30.

3

9.      It violates due process by shifting burdens prematurely and manipulating facts as a "third attempt" to deny asylum after a valid grant and adjustment delays. *Matter of M-H-Z-*, 26 I&N Dec. 757, 760 (BIA 2016); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). *See* Complaint ¶¶ 31-33; Soliman Decl. ¶¶ 10-15.

**B. Plaintiff Will Suffer Irreparable Harm Absent Relief.**

10.     Without a stay, proceedings will continue, risking removal to persecution in Egypt. *Nken*, 556 U.S. at 435 (removal itself is irreparable). Plaintiff has lost work authorization (terminated June 3, 2025), causing financial hardship and family strain. Soliman Decl. ¶¶ 16-20. Parallel proceedings waste resources and prejudice Plaintiff's APA claims.

11.     Harm is imminent: Master Hearing is in 3 business days, potentially leading to merits scheduling or adverse rulings.

**C. The Balance of Equities Favors Plaintiff.**

12.     Defendants face no harm from a stay; it preserves the status quo pending review of their own actions. Plaintiff, however, faces life-altering consequences. *See Nken*, 556 U.S. at 435 (government interest in removal yields to due process).

**D. Relief Serves the Public Interest.**

13.     Staying proceedings upholds due process, asylum finality, and judicial efficiency. It prevents harassment via repeated challenges and aligns with humanitarian protections. *See Arangure*, 911 F.3d at 345 (public interest in finality).

**IV. BOND**

14.     No bond is required, as this involves government action and no pecuniary harm to Defendants. Fed. R. Civ. P. 65(c); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010).

4

## V. CONCLUSION

15.    For the foregoing reasons, Plaintiff requests this Court:

A. Issue a TRO ex parte staying all removal proceedings in EOIR Case No. A207-336-160,

   including the July 22, 2025, hearing, pending resolution of this action;

B. Set an expedited hearing on the request for preliminary injunction;

C. Upon hearing, issue a preliminary injunction extending the stay;

D. Grant such other relief as the Court deems just.


Dated: July 24, 2025


Respectfully submitted,


/s/ Robert A. Ratliff
Robert A. Ratliff, Esq.
Brennan, Manna and Diamond, LLC
200 Public Square, Suite 1850
Cleveland, Ohio 44114
(216) 658-2323
raratliff@bmdllc.com

Attorney for Plaintiff Ayman Soliman

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2025, a true copy of this Motion was served via [e.g., overnight mail/email] on the U.S. Attorney for the Southern District of Ohio and the Office of the Attorney General, and will be served on Defendants' counsel upon appearance.

/s/ Robert A. Ratliff
Robert A. Ratliff, Esq.

6