IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AYMAN SOLIMAN, | : |
| *Plaintiff*, | : Case No. 1:25-cv-510 |
| v. | : Judge Jeffery P. Hopkins |
| JOSEPH B. EDLOW, *et al.*, | : |
| *Defendants*. | : |

## TEMPORARY RESTRAINING ORDER

Ayman Soliman, currently in the custody of U.S. Immigration and Customs Enforcement at the Butler County Jail, brings this action challenging the decision by United States Customs and Immigration Services to terminate his asylum status. Amended Compl., Doc. 3; Doc. 8.

Concurrently with this lawsuit, Mr. Soliman is contesting in administrative proceedings his eligibility for asylum. As part of those proceedings, he requested release on bond. On July 28, 2025, an Immigration Judge denied that request. Doc. 8, PageID 130.

Having considered the four factors relevant to determining whether preliminary injunctive relief is warranted, *see City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014), and for the reasons expressed on the record at the conference on this date,[1] the Court hereby **ORDERS** that Defendants shall neither remove Mr. Soliman from

---

[1] Although Plaintiff maintains his request for release, he also requests that he not be moved outside this Court's jurisdiction during the pendency of these proceedings. To that end, Plaintiff represented that he will be filing an amended complaint or will otherwise be seeking habeas relief to prohibit his removal from this Court's jurisdiction. This Order is issued to preserve the status quo and to allow Plaintiff a reasonable period to seek

the jurisdiction of this Court[2] nor allow him to be removed from the jurisdiction of this Court until such time as the Court orders otherwise or this order expires.[3] This Order will expire fourteen days from this day, on August 13, 2025, unless extended by further order of this Court. *See* Fed. R. Civ. P. 65(b). Further, this temporary restraining order will require no bond.

    Mr. Soliman's Motions requesting separate relief (Docs. 1, 2, 8) remain under advisement.

    **IT IS SO ORDERED.**

July 30, 2025

Jeffery P. Hopkins
United States District Judge

---

habeas review. Without such relief, there is a strong likelihood that irreparable harm may result. *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1270 (6th Cir. 1985) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)) (explaining that even if a movant's showing on likelihood of success is lacking, injunctive relief may nonetheless be appropriate "if the movant 'at least shows serious questions going to the merits *and* irreparable harm which decidedly outweighs any potential harm to the defendant if an injunction is issued.'").

[2] The geographic boundaries of the Southern District of Ohio.

[3] This Order applies with equal force to any individual, group, or entity working in concert with or on behalf of Defendants.